UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 01-3631-CIV-MARTINEZ

CITIBANK, N.A.,

  Plaintiff,

vs.

HINTON, INC., *et al.*,

  Defendants.
_____/

**CLOSED CIVIL CASE**

FILED by _____ D.C.
APR 03 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion For Summary Judgment **(D.E. No. 61-1)**, filed on **November 22, 2003**. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED.

### I. Procedural History

Plaintiff filed its Motion for Summary Judgment **(D.E. No. 61-1)**, which has been fully briefed and is ripe for adjudication. The Court having carefully considered the case file, having heard argument, and otherwise being duly advised, finds summary judgment is appropriate in this case.

### II. Legal Standard

Under Fed.R.Civ.P. 56(c), a Motion for Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court further explained the movant's burden in Celotex Corp. v. Catrett, 477 U.S. 317 (1986) as follows:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Id. at 322. The Court further stated that "Rule 56(c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. By its very terms, this standard provides that the mere existence of "*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 2432, 247-48 (1986) (emphasis in original); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### III. Analysis

#### A. Background

Here, the facts are virtually undisputed.[1] Plaintiff, Citibank, N.A. ("Citibank"), is the Trustee to a trust established by the Coca-Cola and Dr. Pepper companies (Statement, ¶1). The trust was established to benefit Burger King franchisees and to be used for improvements in those restaurants. Id. at ¶2. In order to qualify as a beneficiary, the franchisee was required to

---

[1] The Court notes Defendants failed to comply with Rule 7.5, Local Rules for the United States District Court for the Southern District of Florida, which required Defendants to file a "single concise statement of material facts to which it is contended that there exists a genuine issue to be tried." The Rule further provides:

> All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement, if and only to the extent supported by specific references to the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.

Therefore, references are to Plaintiff's Statement of Undisputed Facts ["Statement"], except as otherwise noted.

sign a Franchisee Commitment. Id. at ¶3. Here, Defendants owned forty-two (42) Burger King franchises in Texas and South Carolina. Id. at ¶7. Defendants entered into agreements identical to the Franchisee Commitment attached to the Complaint, id., which required Defendants to install new drive-thru technology ("Drive-Thru 2000 Package") on or before December 31, 2001, which was later extended to December 31, 2002. Id. at ¶5, n.2.

Plaintiff paid Defendants a total of $2,408,000.00 through the trust, id. at ¶8, which is referred to as the "payment amount," as defined by the Franchisee Commitment. In the summer of 2001, Burger King Corporation ("BKC") terminated the franchise agreements for failure to pay sums required under the franchise agreements. Id. at ¶11. To date, Defendants have not installed the Drive-Thru 2000 Package on any of their restaurants. Id. at ¶12. Plaintiff notified Defendants that their failure to utilize the trust funds as required by the Franchisee Commitments constituted a default. Id. at ¶13 (the default letters are attached to the motion as Exhibit B). Defendants did not cure their default. Id. at ¶12. Plaintiff demanded Defendants return the funds, which Defendants did not do. Id. at ¶¶14-15. Plaintiff[2] sued Defendants for return of the payment amount.

### B. Franchisee Commitment

#### 1. Default

The language of the Franchisee Commitment is unambiguous.[3] The Franchisee

---

[2] Defendants argue that Citibank, as trustee, is the improper Plaintiff to bring this case. Judge Seitz, prior to the transfer of this case to the undersigned, expressly disagreed with this assertion as the plaint language of the Franchisee Commitment permits the Trustee to seek recovery of the payment amount (see D.E. No. 35-1 and the below-quoted language of the Franchisee Commitment, paragraph 7.1).

[3] Defendants argue "there are a plethora of disputed factual issues to be decided in this case and therefore Summary Judgment is simply inappropriate" (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Opposition") at D.E. No. 74-1,

Commitment at paragraph 7.1 provides, in part:

> The Franchisees acknowledge that the failure to install new signage as mandated by BKC and to paint their restaurant buildings, reseal and restripe parking lots and upgrade restaurant landscaping to the extent necessary to bring their Restaurants into compliance with the Franchise Agreements shall constitute events of default under the Franchise Agreements and this Commitment. The Franchisees further acknowledge that once BKC has mandated the Drive-Thru 2000 Package for use in the Burger King System, the *failure to implement the Drive-Thru 2000 Package by December 31, 2001 shall constitute an event of default under the Franchise Agreements and this Commitment*. In such an event, if any such failure continues after notice of default and the expiration of any applicable cure period, BKC may proceed to protect and enforce its rights either by suit in equity and/or by action at law pursuant to the terms of the Franchise Agreements. In addition, *the Trustee may seek to recover the Payment Amount paid to the Franchisees with respect to the Restaurants* (emphasis added).

It is undisputed that Defendants failed to install the Drive-Thru 2000 Package on their restaurants.[4] Therefore, under the plain language of the Franchise Commitment, Defendants' failure to install the Drive-Thru 2000 Package constituted a default, which they failed to cure.

2. Recovery

The language of the Franchisee Commitment states at section 7.1: "the Trustee may seek to recover the Payment Amount paid to the Franchisees with respect to the Restaurants." Here,

---

pp. 4-5). Defendants seek to create disputed factual issues regarding: the language of the Franchisee Commitments (pp. 4-11); the purported burden on Plaintiff to provide an individual restaurant analysis (pp. 11, 12); and the argument Plaintiff has not sustained damages (p. 13). However, these issues are properly classified as issues of law. Defendants have failed to controvert Plaintiff's statement of undisputed facts, as discussed above, and disagreement regarding the legal standards does not create "a plethora of disputed factual issues."

Defendants claim the language of the Franchisee Commitment is ambiguous, because it does not specify the effect of BKC terminating the Franchisee Agreement thereby rendering the franchisee unable to perform the terms of the Franchisee Commitment (Opposition, p. 9). The Court is unconvinced. The unambiguous language of the Franchisee Commitment provides for default where the franchisee fails to use the trust payment for specific purposes, including the installation of the Drive-Thru 2000 Package, which is undisputed here.

[4]At oral argument, counsel for Defendants raised the defense of legal impossibility; however, Defendants have failed to plead such an affirmative defense in their answer, therefore, the Court need not discuss it further.

-4-

Defendants do not contest that the Payment Amount was $2,408,000.00. Defendants argue some of the trust payment was used for permissible purposes under the Franchise Commitment, which should then offset the amount recoverable under the default of the Franchise Commitment. Plaintiff admits Defendants "had used trust funds for repainting, restriping and landscaping on only a minority of their restaurants" (Statement, ¶12), which are permissible purposes for use of the trust funds under the Franchisee Commitment. However, Defendants have adduced no evidence to support their proposition as to the amount of the payment amount that was used for permissible purposes under the Franchisee Commitments. Therefore, this Court shall not consider such sums to offset the payment amount recoverable. As Plaintiff is entitled to summary judgment, Plaintiff shall recover the payment amount of $2,308,000.00. It is, therefore:

**ORDERED AND ADJUDGED** that

Plaintiff's Motion for Summary Judgment **(D.E. No. 61-1)** is hereby GRANTED.[5]

Summary Final Judgment be and the same is hereby ENTERED in favor of the Plaintiff and against Defendants. All pending motions are DENIED AS MOOT, and this case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, April 3, 2003.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Dubé
All Counsel of Record

---

[5] As the Court has concluded summary judgment is appropriate on Count 1, the Court need not reach Count 2, the unjust enrichment claim, which realleges the facts to support Count 1 and seeks the same relief--the return of the payment amount.