UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-3631-CIV-MARTINEZ
Magistrate Judge Dube

CITIBANK, N.A., as Trustee,

      Plaintiff,

vs.

HINTON, INC., ROB-HIN, INC.,
HINROB, INC., MARMIJA, INC.,
HINBO, INC., JAMES A. HINTON,
MICHAEL S. HINTON and LINDA BOYETT,

      Defendants.

_____/

### PLAINTIFF CITIBANK'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ENTRY OF FINAL SUMMARY JUDGMENT

Plaintiff Citibank, N.A., as Trustee ("Citibank"), by and through the undersigned counsel, files this memorandum in opposition to Defendants' Motion for Reconsideration of Entry of Final Summary Judgment (hereinafter the "Motion").

### I. INTRODUCTION

On April 3, 2003, this Court entered its Order Granting Final Summary Judgment in favor of Citibank (hereinafter the "Order"). (DE 94). In the Order, the Court found that Defendants' failure to install the Drive-Thru 2000 Package constituted a default under the plain language of the Franchisee Commitment, and that Citibank was therefore entitled to recover the entire $2,408,000.00 it paid to Defendants.[1]

___

[1] On page 5 of the Order, the Court mistakenly referred to the payment amount as $2,308,000.00, rather than $2,408,000.00 as referenced elsewhere therein. (DE 94)



Defendants filed their Motion seeking reconsideration of the Order. The sole basis for the Motion is Defendants' claim that the Court failed to consider Defendants' defense of legal impossibility.[2] Defendants argue that they properly presented the affirmative defense to the Court, and that had the Court considered their impossibility defense, Citibank's Motion for Summary Judgment should have been denied. (DE 98).

Defendants did not properly raise the defense of legal impossibility. Moreover, this defense fails as a matter of law. The law is clear that the defense of impossibility cannot be invoked by a party who has made performance infeasible through its own actions. Folsom Metal Products, Inc. v. Torus Equipment Company, 113 F.3d 212 (11th Cir. 1997). Here, Defendants maintain that it was "impossible" for them to perform their obligations under the Franchisee Commitments because of the termination by Burger King Corporation ("BKC") of their Franchise Agreements. Significantly, Defendants' Franchise Agreements were terminated due to their own actions---their failure to pay amounts owed to BKC under their Franchise Agreements. Because it was Defendants' own actions that made performance under the Franchisee Commitment "impossible," they are precluded from raising such defense as a matter of law.

## II. MEMORANDUM OF LAW

### A. Standard of Review

When presented with a motion for reconsideration, courts have recognized three grounds justifying relief: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. Florida College of Osteopathic Med., Inc.

---

[2] Defendants cite to footnote 4 of the Order which provides: "At oral argument, counsel for Defendants raised the defense of legal impossibility; however, Defendants have failed to plead such an affirmative defense in their answer, therefore, the Court need not discuss it further." (DE 94 at fn. 4).

2

v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citation omitted); see also Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (purpose for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence) (citation omitted).

Defendants contend that the Court "plainly erred" in granting Citibank's motion for summary judgment because their "impossibility defense" purportedly presented genuine issues of material fact.[3] As more fully set forth below, Defendants have failed to establish "plain error," and their Motion should be denied.

### B. Impossibility Was Not and Could Not Be Raised By Defendants as an Affirmative Defense

In their Motion, Defendants claim that they raised the defense of legal impossibility in paragraph 30 of their Answer and Affirmative Defenses. (DE 37).[4] Paragraph 30 provides:

> To the extent that Defendants did not comply with their contractual obligations, they were prevented from doing so by Burger King Corporation. Thus, as the alleged "Trustee," plaintiff is not entitled to the requested relief.

---

[3]Defendants make this claim despite that they failed to file a statement controverting Citibank's Statement of Undisputed Facts. Local Rule 7.5D provides that "all material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement, if and only to the extent supported by specific references to pleadings, depositions, answers to interrogatories, admissions and affidavits on file with the Court." (See also Order at fn. 1).

[4]Defendants also claim that Citibank was "on notice" of the defense based on the questions asked by Defendants' counsel at deposition. (Motion at pgs. 8-9). As revealed therein, the quoted language does not address the impossibility defense. That notwithstanding, even if, as Defendants contend, the questions were sufficient to put Citibank on notice of the defense, the defense may not be raised by Defendants as a matter of law. See Folsom Metal Products, Inc. v. Torus Equipment Company, 113 F.3d 212, 214 (11th Cir. 1997) (impossibility cannot be invoked by a party who has made performance infeasible through its own actions).

3

Although Defendants contend that Paragraph 30 is tantamount to the impossibility defense, this argument is belied by Defendants' own answers to interrogatories. Citibank specifically questioned Defendants about the factual basis for this affirmative defense in Interrogatory 12:

> 12. State with particularity all facts that support Defendants' affirmative defense that "[t]o the extent that Defendants did not comply with their contractual obligations, they were prevented from doing so by Burger King Corporation."

Defendants' Response to Interrogatory No. 12:

> The general objections are incorporated herein. Notwithstanding those objections, BKC chronically and continuously failed to provide Defendants with the support, services, and assistance that was crucial to Defendants' ability to maintaining their Franchise operations. By failing to provide support, services, and assistance to Defendants, BKC damaged the reputation and image of the brand in South Carolina and Texas markets, which reputation and image are, pursuant to the Franchise Agreements, "unique benefits" to Defendants. Further, by failing to provide such support and assistance, BKC violated its express and implied obligations requiring it to provide such services to its Franchisees, commensurate with the expenses incurred by Defendants to be part of the BKC System, such that Defendants could enjoy the benefit of being BKC Franchisees. As a direct and proximate result of BKC's breaches of the Franchise Agreements, Defendants were prevented from complying with the terms of the Franchisee Commitment Agreement that governed their South Carolina restaurants in a timely manner. Thus, Citibank cannot attempt to take advantage of BKC's wrongdoing.

(DE 61, Ex. B at ¶12).[5] Nowhere is impossibility of performance mentioned.

Even if Defendants had properly plead the defense, it would not have precluded the entry of summary judgment in favor of Citibank. As the Eleventh Circuit recognized in <u>Folsom Metal</u>

---

[5] This Court has already found, in the "Hinton 1" and "Hinton 2" cases, that BKC did not in any way fail to provide Defendants with support, services and assistance, and that it properly terminated Defendants' Franchise Agreements. See <u>Burger King Corp. v. Hinton, Inc.</u>, 203 F.Supp.2d 1357 (S.D. Fla. 2002); <u>Burger King Corp. v. Rob-Hin, Inc.</u>, Case No. 01-3518 (S.D. Fla. 2003).

Products, Inc. v. Torus Equipment Company, the defense of impossibility is not available to a party whose own actions render the agreement incapable of performance:

> Without using the term "impossibility" Folsom is in effect invoking impossibility as a defense to Torus's counterclaim (as well as using it affirmatively as a basis for summary judgment in its favor). But impossibility cannot be invoked by a party who has made performance infeasible through its own actions. *Restatement (Second) of Contract* §261 (1979).

113 F.3d 212, 214 (11th Cir. 1997); see Levinson v. Barnett Bank of Miami, 330 So.2d 192, 194 (Fla. Dist. Ct. App.1976) (it is well established that a party may not recover on a contract which he himself has rendered incapable of performance by his own inability to perform the promise given); Iervolino v. Best Built Homes Holding Corp., 288 N.Y.S.2d 724, 727 (N.Y. App. Div. 1968) ("No principle of equity known to me would permit . . . default of one agreement because of proper enforcement of another and unrelated agreement or right . . . excuse on the grounds of impossibility the performance of that which a contracting party has already failed to perform.") (citations omitted).

This Court has already found on two occasions that BKC properly terminated Defendants' Franchise Agreements due to their failure to pay amounts due thereunder. See Burger King Corp. v. Hinton, Inc., 203 F.Supp.2d 1357 (S.D. Fla. 2002); Burger King Corp. v. Rob-Hin, Inc., Case No. 01-3518 (S.D. Fla. 2003). Because it was Defendants' own actions–their failure to pay BKC–that made performance under the Franchisee Commitments "impossible," Defendants are precluded, as a matter of law, from asserting this defense. See Folsom, 113 F.3d at 214 (11th Cir. 1997).

### C. Even If Defense Could Be Properly Raised by Defendants, Summary Judgment in Favor of Citibank Is Nonetheless Proper

Notwithstanding that Defendants did not and, as a matter of law, could not raise the affirmative defense of legal impossibility, Defendants' argument that the termination of the Franchise Agreements prevented their performance under the Franchisee Commitment does not

5

preclude summary judgment in favor of Citibank. (DE 74 at pgs. 10-11). Even if the termination of the Franchise Agreements *did* cause Defendants to default on the Franchisee Commitments, it remains that Defendants are not excused from their immediate default. See Metropolitan Dade County v. The Babcock Co., 287 So.2d 139 (Fla. Dist. Ct. App. 1973) (general rule is that supervening impossibility of performance is not an excuse for non-performance of a contract, and a promisor will not be permitted to take advantage of an obstacle which he has created or which lay within his power to avoid).

The plain language of the Franchisee Commitment required Defendants to utilize the Trust Funds for specific purposes, including the installation of the Drive Thru 2000 Package:

> Once BKC has mandated the Drive-Thru 2000 Package for use in the Burger King System, the failure to implement the Drive-Thru 2000 Package by December 31, 2001 shall constitute a default under the Franchise Agreements and this Commitment.

(DE 61, Ex. A §7.1).[6] Regardless of the reason behind Defendants' failure to install the Drive Thru 200 Packages, the fact remains that they did not utilize the Trust Funds for their intended purpose, as they were required to do under the Franchisee Commitments.

The Franchisee Commitments are clear that the failure to properly utilize the Trust Funds constitutes a default, and requires return of the money received. It is undisputed that Defendants did not use the funds for their required purpose. Therefore, Citibank is entitled to the return of the $2,408,000.00 it paid to Defendants. The entry of summary judgment in Citibank's favor was therefore proper.

---

[6]This date was later extended to December 31, 2002.

## III. CONCLUSION

For the foregoing reasons, this Court should enter an order denying Defendants' Motion for Reconsideration.

Wherefore, Citibank, N.A., as Trustee, respectfully requests that this Court enter an order denying Defendants' Motion for Reconsideration of Entry of Final Summary Judgment, and for such other and further relief as this Court deems proper.

>GENOVESE JOBLOVE & BATTISTA, P.A.
>Attorneys for Citibank, N.A., as Trustee
>Bank of America Tower, 36th Floor
>100 Southeast Second Street
>Miami, Florida 33131
>Telephone: (305) 349-2300
>Facsimile: (305) 349-2310
>
>By: _____
>Michael D. Joblove
>Florida Bar Number 354147
>Jessica Serell Erenbaum
>Florida Bar Number 816000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this ___ day of May, 2003 to: Robert M. Einhorn, Esq., Zarco Salkowski & Einhorn, 100 Southeast Second Street, 27th Floor, Miami, Florida 33131.

>_____
>Of Counsel

X:\Documents\Work\A to D\BK\Hinton\Pleadings Citibank\Memo in Oppost. to Def.'s Mt. for Reconsid. of FSJ.wpd