IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CITIBANK, N.A., as Trustee,

    Plaintiff,

vs.

HINTON, INC., ROB-HIN, INC.,
HINROB, INC., MARMIJA, INC.,
HINBO, INC., JAMES A. HINTON,
MICHAEL S. HINTON, and
LINDA BOYETT,

    Defendants.
_____/

CASE NO. 01-3631-CIV- MARTINEZ

Magistrate Judge Robert L. Dube'

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ENTRY OF FINAL <u>SUMMARY JUDGMENT</u>**

Defendants, ROB-HIN, INC., HINROB, INC., MARMIJA, INC., JAMES A. HINTON, MICHAEL S. HINTON, and LINDA BOYETT (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby submit their Reply Memorandum in Support of their Motion for Reconsideration of Entry of Final Summary Judgment, and in support thereof, state as follows:

**PRELIMINARY STATEMENT**

On May 2, 2003, Plaintiff served Defendants with its opposition memorandum to Defendants' Motion for Reconsideration of Entry of Final Summary Judgment. Plaintiff argues that Defendants' Motion should be denied on two (2) grounds. First, Plaintiff contends that Defendants failed to properly raise their affirmative defense of impossibility. Second, Plaintiff asserts that even if Defendants properly raised this affirmative defense, it fails as a matter of law as a party cannot invoke impossibility as a defense where it was their own conduct that made performance impossible.

Plaintiff's arguments are both without merit. First, Plaintiff offers no legal support for its

contention that Defendants have failed to properly raise their affirmative defense of legal impossibility when the record is clear that such defense was properly raised on several occasions by Defendants.

Second, this Honorable Court has determined that Defendants' default under the Franchise Commitments resulted from their failure to install the Drive Thru 2000 Package by December 31, 2003. *See* April 3, 2003 Order on Plaintiff's Motion for Summary Judgment ("Order"), p. 4-5. However, in June and July of 2001, non-party Burger King Corporation ("BKC") terminated all forty-two (42) of Defendants' Franchise Agreements. As such, Plaintiff's assertion that Defendants cannot rely on the defense of impossibility is meritless as it was BKC's decision to terminate Defendants' Franchise Agreements which made Defendants' performance impossible. Defendants could obviously not install drive-thru packages at restaurants they were no longer authorized to operate. Accordingly, Defendants' Motion for Reconsideration must be granted. Genuine issues of material fact relating to causation of Plaintiff's injuries, as well as the consequences of BKC's decision to terminate Defendants' Franchise Agreements still remain before this Court.

## ARGUMENT

Plaintiff contends that Defendants have failed to properly assert their affirmative defense of legal impossibility. *See* Plaintiff's Opposition, p. 4. The sole basis on which Plaintiff asserts that Defendants failed to plead impossibility is that Defendants' answer to Interrogatory No. 12 does not specifically mention impossibility of performance. However, Plaintiff fails to cite to any authority to support their argument. Moreover, Plaintiff fails to provide any argument to counter Defendants contention that they properly raised their affirmative defense at several times in these proceedings.

The law regarding pleading affirmative defenses is clear. Defendants need only put Plaintiff on notice of their intention to rely on the affirmative defense of impossibility. *Hassan v. U.S. Postal*

-2-

on notice of their intention to rely on the affirmative defense of impossibility. *Hassan v. U.S. Postal Service*, 842 F.2d 260 (11th Cir. 1988)("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."); *Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1185 (11th Cir.1999)("Requiring a defendant to plead certain defenses affirmatively serves the important purpose of providing notice to the plaintiff and the court.")(*citing North Georgia Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432 (11th Cir.1993)); *Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880 F.Supp. 416 (D.S.Car. 1995)(Purpose of rule governing pleading of affirmative defenses is to ensure that plaintiff has adequate notice of such defenses).

In this case, Defendants raised their defense of impossibility, and properly put Plaintiff on notice of such defense, in their answer, at deposition, and during oral argument on Plaintiff's Motion for summary judgment. As such, this legal defenses should have been considered in this Court decision on Plaintiff's motion for summary judgment.

Plaintiff argues in their opposition brief that even if Defendants properly raised their affirmative defense of impossibility, that this defense fails as a matter of law. Plaintiff asserts that Defendants' conduct of failing to pay BKC certain amounts due caused BKC to terminate Defendants' Franchise Agreements. Further, Plaintiff contends that a party cannot rely on the defense of impossibility of performance were they have by their own conduct made performance impossible.

Plaintiff's argument lacks any merit as it was non-party BKC's decision, and only BKC's decision to terminate Defendants' Franchise Agreements, that made the installation of the Drive Thru 2000 Package by the December 31, 2002 deadline by Defendants impossible. Moreover, as asserted in Defendants' answer to Interrogatory No. 12, it was BKC's conduct that caused Defendants' failure

-3-

ZARCO, EINHORN & SALKOWSKI
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

to pay amounts due under the Franchise Agreements. Accordingly, it was not Defendants' conduct that was the cause-in-fact of their inability to install the Drive Thru 2000 Package, but rather non-party BKC's decision to terminate the Franchise Agreements earlier that rendered Defendants' performance impossible.

Importantly, the Court in *Burger King Corporation v. Hinton, et al.*, 203 F.Supp.2d 1357 (S.D.Fla. 2002), determined that BKC was not entitled to lost profits following termination of the Franchise Agreements since BKC itself was responsible for causing its own lost profit damages by terminating Defendants' Franchise Agreements. *Id.* at 1366 ("BKC decided to terminate the Franchise Agreements...and it was this action that has caused the loss of future profits.") This same reasoning applies with equal force in this case. Here, it was non-party BKC's decision to terminate Defendants' Franchise Agreements which prevented them from installing the Drive Thru 2000 Package. Therefore, as in *Hinton*, Defendants did not cause the default for which Plaintiff seeks damages. *Id.*

Simply put, the Franchise Commitments do not regard BKC's decision to terminate a Franchise Agreement to be a default under the Commitments. Accordingly, genuine issues of material fact relating to causation of Plaintiff's injuries, as well as the consequences of BKC's decision to terminate Defendants' Franchise Agreements still remain before this Court. As such, this Court's April 3, 2003 Order granting Plaintiff summary judgment must be set aside in light of Defendants' viable affirmative defense of impossibility of performance.

**WHEREFORE,** Defendants HINTON, INC., ROB-HIN, INC., HINROB, INC., MARMIJA, INC., HINBO, INC., JAMES A. HINTON, MICHAEL S. HINTON, and LINDA BOYETT ,respectfully request that this Honorable Court enter an Order granting their Motion for Reconsideration of Entry of Summary Judgment and granting such further relief as this Court deems just and proper.

Respectfully submitted,

ZARCO EINHORN & SALKOWSKI, P.A.
Bank of America Tower
100 S.E. 2nd. Street, 27th floor
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 374-5428

BY: _____
ROBERT ZARCO
Florida Bar No. 502138
ROBERT M. EINHORN
Florida Bar No. 858188

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this ____ day of May, 2003, to Nina G. Kersh, Esq., GENOVESE JOBLOVE AND BATTISTA, P.A., 100 SE 2nd Street, 36th Floor, Miami, FL 33131.

By: _____
ROBERT M. EINHORN